IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FLORENCIO SANDOVAL, JR.,

Plaintiff,

v. No. 1:21-cv-00471-JHR

FRANK BISIGNANO[1],
Commissioner of Social Security,

Defendant.

**MEMORANDUM OPINION AND ORDER AWARDING ATTORNEY'S FEES**

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 406(b). [Doc. 42]. Plaintiff's attorney, Benjamin Decker, seeks an award of $18,008.50, which does not exceed 25 percent of Plaintiff's past-due benefits, Doc. 42-2 at 2, and is consistent with the contingent-fee agreement between Plaintiff and Decker, Doc. 42-3 at 1–2. [Doc. 42 at 3]. Defendant states that it has no financial stake in the matter and therefore "neither supports nor opposes counsel's request for attorney's fees in the amount of $18,008.50, under 42 U.S.C. § 406(b)." [Doc. 43 at 1]. Plaintiff did not file a reply. The Motion is therefore ripe for decision. Having considered the briefing and applicable law, the Court **GRANTS** the Motion.

The Social Security Act, 42 U.S.C. § 406(b), permits a district court to award attorney's fees to a claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 495–96 (10th Cir. 2006). Specifically, the Act provides:

[1] Frank Bisignano became the Acting Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Carolyn Colvin as the defendant in this suit.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a ***reasonable fee*** for such representation, ***not in excess of 25 percent of the total of the past-due benefits*** to which the claimant is entitled by reason of such judgment ….

42 U.S.C. § 406(b)(1)(A) (emphasis added).

In determining whether a requested fee is "reasonable" under § 406(b), the Supreme Court has explained that Congress "designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Thus, courts should review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The reasonableness determination is based on "the character of the representation and the results the representative achieved." *Id.* at 808. Relevant considerations include whether the attorney's representation was substandard, whether the attorney was responsible for any delay in the resolution of the case, and whether the requested fee is disproportionately large in comparison to the amount of time spent on the case. *Id.*

Section 406(b) applies here because, after this Court remanded the case, the ALJ conducted a new hearing and determined that Plaintiff had been disabled since October 1, 2020, thereby entitling him to past-due benefits. [Doc. 42-1 at 4–20]. The Social Security Administration subsequently notified Plaintiff that it would issue a lump-sum payment of $54,345.50 in past-due benefits and that 25 percent of the total benefits—in the amount of $18,008.50—had been withheld "in case [the Administration] need[s] to pay your representation." [Doc. 42-2 at 2]. Plaintiff's counsel now seeks payment of that amount pursuant to the parties' contingent-fee agreement.

The Court finds that the requested fee of $18,008.50 complies with § 406(b)(1)(A) because it does not exceed 25 percent of Plaintiff's past-due benefits. The requested fee is also reasonable under *Gisbrecht*. First, the fee was expressly provided for in the parties' contingent-fee agreement. [Doc. 42 at 3]. Second, Decker is an experienced practitioner who regularly practices in federal court and trains other attorneys in representing Social Security claimants. [Doc. 42 at 3–4]. Third, counsel obtained a favorable result for Plaintiff in this Court and, following remand, before the ALJ. [*Id*. at 3]. Fourth, the record does not indicate that counsel caused any undue delay in the resolution of the case. [*Id*. at 6]. Finally, counsel expended 29.40 hours representing Plaintiff before this Court. [Doc. 42-4 at 1]. Considering the character of the representation, the result achieved, the absence of undue delay, and the terms of the contingent-fee agreement, the Court concludes that the requested fee is reasonable.

The Court therefore **GRANTS** Plaintiff Florencio Sandoval Jr.'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and **ORDERS** that $18,008.50 be paid to Plaintiff's counsel from Plaintiff's withheld past-due benefits. *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994) ("Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits.").

Because counsel may not receive both an EAJA fee and a § 406(b) fee for the same work, the Court further **ORDERS** Plaintiff's counsel to reimburse Plaintiff $5,250, the amount of attorney's fees previously awarded under the EAJA. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986); *see also* Doc. 40 (awarding $5,250 in EAJA attorney's fees).

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
PRESIDING BY CONSENT